UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| TONY BERRY | ) | |
| | ) | |
| v. | ) | NO. 2:03-CV-391 |
| | ) | |
| | ) | |
| CARTER COUNTY, TENNESSEE, | ) | |
| *ET AL.* | ) | |

## **O R D E R**

This *pro se* prisoner's complaint is before the Court on the defendants' motion to dismiss or in the alternative for summary judgment on the ground that the plaintiff has failed to exhaust his available remedies. [Doc. 59]. The plaintiff, who was represented by counsel at the time he filed his complaint, brought this action pursuant to 42 U.S.C. § 1983, alleging on behalf of himself and others similarly situated, that jail conditions to which he was exposed have violated his rights under the 8th, 9th and 14th Amendments to the United States Constitution. This Court certified a class action, and the class allegations have now been dismissed, having been resolved in a private settlement.

A federal district court presented with a prisoner's civil action must first determine whether the plaintiff has exhausted his administrative remedies by offering the correctional authorities an opportunity to address his complaints. *See* 42 U.S.C. § 1997(e); *Brown v. Toombs*, 139 F. 3d 1102, 1103-04 (6th Cir. 1998). This requirement may be satisfied by pursuing the correctional facility's grievance process. *Northington v. DeForest*, 215 F. 3d 1327, 2000 W.L. 659260, * 1 (6th Cir. 2000).

Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that effect a particular prisoner. *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983 (2002). In order to satisfy the requirements of Section 1997(e), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F. 3d 640, 642 (6th Cir. 2000).

Mr. Berry's complaint does not allege exhaustion of his administrative remedies, nor does it provide any evidence that he has exhausted his administrative remedies. The defendant has provided undisputed proof that it had in place a grievance system, of which Mr. Berry could have availed himself.

2

Accordingly, because the plaintiff has failed to meet his burden of showing that he exhausted his administrative remedies not only by failing to make any such allegation in his complaint, but also by having failed to file a response to the defendants' motion, Mr. Berry's complaint is **DISMISSED**.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE